EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
J. MARK CHILDS (Cal. SBN: 162684)
Assistant United States Attorneys
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2433
     Facsimile: (213) 894-0142
     Email:    Mark.Childs@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case CR No. ED 16-017-JGB |
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT JUAN LUIS CARDONA-RAMIREZ |
| v. | |
| JUAN LUIS CARDONA-RAMIREZ, | |
| Defendant. | |

1.   This constitutes the plea agreement between JUAN LUIS CARDONA-RAMIREZ, also known ("aka") as "Luis Anthony Ordin" ("defendant"), and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

1

(1)  At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to the sole count of the indictment in <u>United States v. Juan Luis Cardona-Ramirez</u>, Case No. CR ED 16-017-JGB.

(2)  Not contest facts agreed to in this agreement.

(3)  Abide by all agreements regarding sentencing contained in this agreement.

(4)  Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

(5)  Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

(6)  Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

(7)  Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

(8)  Not bring a post-conviction collateral attack on the conviction or sentence in this case, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel.

(9)  Not move to withdraw defendant's guilty plea in this case.

(10) Agree to a continuance of the current trial date.

2

## THE USAO'S OBLIGATIONS

3. The USAO agrees to:

(1) Not contest facts agreed to in this agreement.

(2) Abide by all agreements regarding sentencing contained in this agreement.

(3) At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant, if any. Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

(4) At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

## NATURE OF THE OFFENSE

4. Defendant understands that for defendant to be guilty of the crime charged in the single count of the indictment, that is, possession with intent to distribute marijuana, in violation of Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(B), the following must be true:

(1) Defendant knowingly possessed marijuana; and

(2) Defendant possessed it with the intent to distribute it to another person.

It does not matter whether the defendant knew that the substance was marijuana. It is sufficient that the defendant knew that it was some kind of a prohibited drug.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of the marijuana to another person, with or without any financial interest in the transaction.

5.   Defendant understands that for defendant to be subject to the statutory maximum and statutory minimum sentences set forth below, the government must prove beyond a reasonable doubt that defendant possessed with intent to distribute at least 100 kilograms of a mixture or substance containing a detectable amount of marijuana.   Defendant admits that defendant, in fact, possessed with intent to distribute at least 100 kilograms of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance, as described in the sole count of the Indictment.

PENALTIES

6.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(B), as charged in the sole count of the Indictment, is: 40 years imprisonment; a lifetime period of supervised release; a fine of $5,000,000, or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7.   Defendant understands that, absent a determination by the Court that defendant's case satisfies the criteria set forth in 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, the statutory mandatory minimum sentence that the Court must impose for a violation of Title

4

1 | 21, United States Code, Sections 841(a)(1), and 841(b)(1)(B), is: 5
2 | years' imprisonment, followed by a four-year period of supervised
3 | release, and a mandatory special assessment of $100.

4 |     8.   Defendant understands that supervised release is a period
5 | of time following imprisonment during which defendant will be
6 | subject to various restrictions and requirements.  Defendant
7 | understands that if defendant violates one or more of the conditions
8 | of any supervised release imposed, defendant may be returned to
9 | prison for all or part of the term of supervised release authorized
10 | by statute for the offense that resulted in the term of supervised
11 | release.

12 |     9.   Defendant understands that, by pleading guilty, defendant
13 | may be giving up valuable government benefits and valuable civic
14 | rights, such as the right to vote, the right to possess a firearm,
15 | the right to hold office, and the right to serve on a jury.
16 | Defendant understands that once the court accepts defendant's guilty
17 | plea, it will be a federal felony for defendant to possess a firearm
18 | or ammunition.  Defendant understands that the conviction in this
19 | case may also subject defendant to various other collateral
20 | consequences, including but not limited to revocation of probation,
21 | parole, or supervised release in another case and suspension or
22 | revocation of a professional license.  Defendant understands that
23 | unanticipated collateral consequences will not serve as grounds to
24 | withdraw defendant's guilty plea.

25 |     10.   Defendant understands that under 21 U.S.C. § 862a,
26 | defendant will not be eligible for assistance under state programs
27 | funded under the Social Security Act or Federal Food Stamp Act or
28 | for federal food stamp program benefits, and that any such benefits

1   or assistance received by defendant's family members will be reduced
2   to reflect defendant's ineligibility.

3       11.  Defendant understands that, if defendant is not a United
4   States citizen, the felony conviction in this case may subject
5   defendant to: removal, also known as deportation, which may, under
6   some circumstances, be mandatory; denial of citizenship; and denial
7   of admission to the United States in the future.  The court cannot,
8   and defendant's attorney also may not be able to, advise defendant
9   fully regarding the immigration consequences of the felony
10   conviction in this case.  Defendant understands that unexpected
11   immigration consequences will not serve as grounds to withdraw
12   defendant's guilty plea.

13                     FACTUAL BASIS

14       12.  Defendant admits that defendant is, in fact, guilty of the
15   offense to which defendant is agreeing to plead guilty.  Defendant
16   and the USAO agree to the statement of facts provided below and
17   agree that this statement of facts is sufficient to support a plea
18   of guilty to the charge described in this agreement and to establish
19   the Sentencing Guidelines factors set forth in paragraph 14 below
20   but is not meant to be a complete recitation of all facts relevant
21   to the underlying criminal conduct or all facts known to either
22   party that relate to that conduct.

23       On or about February 4, 2016, in Riverside County, within the
24   Central District of California, defendant knowingly and
25   intentionally possessed with intent to distribute 616 kilograms of
26   marijuana, a Schedule I controlled substance.  On February 4, 2016,
27   in Riverside County, California, at a lot, defendant knowingly and
28   intentionally removed marijuana from a boat which was parked on the

lot.   In addition, defendant caused others to remove marijuana from this boat.   Defendant removed the marijuana from the boat and placed it (and had others place it) in another location on the lot in order for this marijuana to be stored for later delivery.   At the lot, on this same day, over two hundred pounds of marijuana was placed in a white pick-up truck.   This same day, the white pick-up truck, which was loaded with marijuana, was driven by conspirators to a location in Buena Park, California.   Defendant agrees that his offense conduct involved 616 kilograms of marijuana.

## SENTENCING FACTORS

13.   Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).   Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction. Defendant understands that defendant waives and gives up any right to argue at sentencing, on appeal or on collateral review about the applicability of the base offense level in the below paragraph, even if this base offense level is subsequently modified or changed by the U.S.S.G. or by federal statute or regulation. Defendant agrees that facts support the Sentencing Guidelines factor(s) below.

7

14. Defendant and the USAO agree to the following applicable Sentencing Guidelines factor(s):

Base Offense Level: 26 [U.S.S.G. §§ 2D1.1(c)(7)]

Acceptance: -3 [U.S.S.G. § 3E1.1][1]

Defendant and the USAO agree not to seek, argue, or suggest in any way, either orally or in writing, that any other specific offense characteristics, adjustments, or departures relating to the offense level be imposed, except whether or not defendant qualifies for a departure based on satisfaction of the criteria set forth in 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2 (safety valve provision). Defendant agrees, however, that if, after signing this agreement but prior to sentencing, defendant were to commit an act, or the USAO were to discover a previously undiscovered act committed by defendant prior to signing this agreement, which act, in the judgment of the USAO, constituted obstruction of justice within the meaning of U.S.S.G. § 3C1.1, the USAO would be free to seek the enhancement set forth in that section. Defendant also understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2. If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above. The finding by the Court that defendant qualifies as a

---

[1] At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

1  career offender under U.S.S.G. §§ 4B1.1 or 4B1.2 will not serve as a
2  basis for defendant to withdraw defendant's guilty plea.

3      15.  Defendant and the USAO agree that:

4          a.  Defendant did not use violence or credible threats of
5  violence or possess a firearm or other dangerous weapon (or induce
6  another participant to do so) in connection with the offense charged
7  in the sole count of the Indictment;

8          b.  The offense charged in the sole count of the
9  Indictment did not result in death or serious bodily injury to any
10  person; and

11          c.  Defendant was not an organizer, leader, manager, or
12  supervisor of others in the offense charged in the sole count of the
13  Indictment.

14      16.  Defendant and the government reserve the right to argue
15  for a sentence outside the sentencing range established by the
16  Sentencing Guidelines based on the factors set forth in 18 U.S.C.
17  § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

18      17.  Defendant understands that there is no agreement as to
19  defendant's criminal history or criminal history category.

20                    WAIVER OF CONSTITUTIONAL RIGHTS

21      18.  Defendant understands that by pleading guilty, defendant
22  gives up the following rights:

23          (1)  The right to persist in a plea of not guilty.

24          (2)  The right to a speedy and public trial by jury.

25          (3)  The right to be represented by counsel – and if
26  necessary have the court appoint counsel - at trial.  Defendant
27  understands, however, that, defendant retains the right to be

28

9

represented by counsel - and if necessary have the court appoint
counsel - at every other stage of the proceeding.

(4)  The right to be presumed innocent and to have the
burden of proof placed on the government to prove defendant guilty
beyond a reasonable doubt.

(5)  The right to confront and cross-examine witnesses
against defendant.

(6)  The right to testify and to present evidence in
opposition to the charges, including the right to compel the
attendance of witnesses to testify.

(7)  The right not to be compelled to testify, and, if
defendant chose not to testify or present evidence, to have that
choice not be used against defendant.

(8)  Any and all rights to pursue any affirmative
defenses, Fourth Amendment or Fifth Amendment claims, and other
pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

19.  Defendant understands that by pleading guilty defendant is
waiving and giving up any right to appeal defendant's conviction on
the offense to which defendant is pleading guilty.

## WAIVER OF APPEAL OF SENTENCE

20.  To that end, in addition to giving up his right to appeal
defendant's conviction, defendant gives up and waives any right to
appeal all of the following: (a) the procedures and calculations
used to determine and impose any portion of the sentence; (b) the
term of imprisonment imposed by the Court, provided it is within the
statutory maximum; (c) the fine imposed by the Court, provided it is
within the statutory maximum; (d) the term of probation or

10

1  supervised release imposed by the Court, provided it is within the
2  statutory maximum; and (e) all conditions of probation or supervised
3  release imposed by the Court, including, but not limited to, the
4  conditions set forth in General Orders 318, 01-05, and/or 05-02 of
5  this Court, the drug testing conditions mandated by 18 U.S.C.
6  §§ 3563(a)(5) and 3583(d), and the alcohol and drug use conditions
7  authorized by 18 U.S.C. § 3563(b)(7).

8      21.   Defendant also gives up any right to bring a post-
9  conviction collateral attack on the conviction or sentence, except a
10 post-conviction collateral attack based on a claim of ineffective
11 assistance of counsel.  For instance, defendant gives up any right
12 to bring a post-conviction collateral attack based on an explicitly
13 retroactive change in the applicable Sentencing Guidelines,
14 sentencing statutes, or statute of conviction.

15     22.   The USAO gives up its right to appeal any sentence imposed
16 by the Court and the manner in which the sentence is determined,
17 provided that the sentence is at or above the statutory minimum and
18 at or below the statutory maximum specified above.

19              RESULT OF WITHDRAWAL OF GUILTY PLEA

20     23.   Defendant agrees that if, after entering a guilty plea
21 pursuant to this agreement, defendant seeks to withdraw and succeeds
22 in withdrawing defendant's guilty plea on any basis (including, as a
23 result of a successful appeal or a successful post-conviction
24 collateral attack), then (a) the USAO will be relieved of all of its
25 obligations under this agreement; and (b) should the USAO choose to
26 pursue any charge or any allegation of a prior conviction for a
27 felony drug offense that was either dismissed or not filed as a
28 result of this agreement, then (i) any applicable statute of

                              11

1   limitations will be tolled between the date of defendant's signing
2   of this agreement and the filing commencing any such action; and
3   (ii) defendant waives and gives up all defenses based on the statute
4   of limitations, any claim of pre-indictment delay, or any speedy
5   trial claim with respect to any such action, except to the extent
6   that such defenses existed as of the date of defendant's signing
7   this agreement.

8                    RESULT OF VACATUR, REVERSAL OR SET-ASIDE

9        24.   Defendant agrees that if the count of conviction is
10  vacated, reversed, or set aside, both the USAO and defendant will be
11  released from all their obligations under this agreement, except
12  defendant is still bound by the obligations in paragraphs 23, 26 and
13  27.

14                       EFFECTIVE DATE OF AGREEMENT

15       25.   This agreement is effective upon signature and execution
16  of all required certifications by defendant, defendant's counsel,
17  and an Assistant United States Attorney.

18                          BREACH OF AGREEMENT

19       26.   Defendant agrees that if defendant, at any time after the
20  signature of this agreement and execution of all required
21  certifications by defendant, defendant's counsel, and an Assistant
22  United States Attorney, knowingly violates or fails to perform any
23  of defendant's obligations under this agreement ("a breach"), the
24  USAO may declare this agreement breached.  All of defendant's
25  obligations are material, a single breach of this agreement is
26  sufficient for the USAO to declare a breach, and defendant shall not
27  be deemed to have cured a breach without the express agreement of
28  the USAO in writing.  For instance, if defendant fails to plead

                                   12

guilty as required by this agreement or fails to be sentenced pursuant to such guilty plea, defendant will have breached the plea agreement.  If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

27.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge in the indictment, or any charge or any allegation of a prior conviction for a felony drug offense that was either dismissed or not filed as a result of this agreement, then:

(1)  Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

(2)  Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action.

(3)  Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any action against defendant (including, but not limited to, in the government's case-in-chief in the above-captioned case or any related case), and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal

13

1  Procedure, or any other federal rule, that the statements or any
2  evidence derived from the statements should be suppressed or are
3  inadmissible.

4  COURT AND PROBATION OFFICE NOT PARTIES

5     28.  Defendant understands that the Court and the United States
6  Probation Office are not parties to this agreement and need not
7  accept any of the USAO's sentencing recommendations or the parties'
8  agreements to facts or sentencing factors.

9     29.  Defendant understands that both defendant and the USAO are
10  free to: (a) supplement the facts by supplying relevant information
11  to the United States Probation Office and the Court, (b) correct any
12  and all factual misstatements relating to the Court's Sentencing
13  Guidelines calculations and determination of sentence, and (c) argue
14  on appeal and collateral review that the Court's Sentencing
15  Guidelines calculations and the sentence it chooses to impose are
16  not error, although each party agrees to maintain its view that the
17  calculations above are consistent with the facts of this case.
18  While this paragraph permits both the USAO and defendant to submit
19  full and complete factual information to the United States Probation
20  Office and the Court, even if that factual information may be viewed
21  as inconsistent with the facts agreed to in this agreement, this
22  paragraph does not affect defendant's and the USAO's obligations not
23  to contest the facts agreed to in this agreement.

24     30.  Defendant understands that even if the Court ignores any
25  sentencing recommendation, finds facts or reaches conclusions
26  different from those agreed to, and/or imposes any sentence up to
27  the maximum established by statute, defendant cannot, for that
28  reason, withdraw defendant's guilty plea, and defendant will remain

14

1  bound to fulfill all defendant's obligations under this agreement.

2  Defendant understands that no one -- not the prosecutor, defendant's

3  attorney, or the Court -- can make a binding prediction or promise

4  regarding the sentence defendant will receive, except that it will

5  be within the statutory maximum.

6  <u>NO ADDITIONAL AGREEMENTS</u>

7      31.  Defendant understands that, except as set forth herein or

8  in other signed written agreement(s) with the government, there are

9  no promises, understandings, or agreements between the USAO and

10  defendant or defendant's attorney, and that no additional promise,

11  understanding, or agreement may be entered into unless in a writing

12  signed by all parties or on the record in Court.

13  <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

14      32.  The parties agree that this agreement will be considered

15  part of the record of defendant's guilty plea hearing as if the

16  entire agreement had been read into the record of the proceeding.

17  AGREED AND ACCEPTED
    UNITED STATES ATTORNEY'S OFFICE

18  FOR THE CENTRAL DISTRICT OF CALIFORNIA

19  EILEEN DECKER

20  United States Attorney

21          10 - 14 - 2016

22  J. MARK CHILDS        Date
    Assistant U.S. Attorney

23

24

25  JUAN LUIS CARDONA-RAMIREZ      Date

26  Defendant

27

28

15

bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

31. Defendant understands that, except as set forth herein or in other signed written agreement(s) with the government, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in Court.

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

32. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED
UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

EILEEN DECKER
United States Attorney


_____          _____
J. MARK CHILDS                            Date
Assistant U.S. Attorney


_____          _____
JUAN LUIS CARDONA-RAMIREZ                 Date
Defendant

15

JAN RONIS                                    Date
Attorney for Defendant
JUAN LUIS CARDONA-RAMIREZ

## CERTIFICATION OF DEFENDANT

I have read this entire agreement.  I have had enough time to

review and consider this agreement, and I have carefully and

thoroughly discussed every part of it with my attorney.  I

understand the terms of this agreement, and I voluntarily agree to

those terms.  I have discussed the evidence with my attorney, and my

attorney has advised me of my rights, of possible pretrial motions

that might be filed, of possible defenses that might be asserted

either prior to or at trial, of the sentencing factors set forth in

18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions,

and of the consequences of entering into this agreement.  No

promises, inducements, or representations of any kind have been made

to me other than those contained in this agreement or in another

signed written agreement(s) with the government.  No one has

threatened or forced me in any way to enter into this agreement.  I

am satisfied with the representation of my attorney in this matter,

and I am pleading guilty because I am guilty of the charges and wish

to take advantage of the promises set forth in this agreement, and

not for any other reason.

JUAN LUIS CARDONA-RAMIREZ            10/14/16
Defendant                            Date

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am JUAN LUIS CARDONA-RAMIREZ's attorney.  I have carefully

and thoroughly discussed every part of this agreement with my

1  client.   Further, I have fully advised my client of his rights, of
2  possible pretrial motions that might be filed, of possible defenses
3  that might be asserted either prior to or at trial, of the
4  sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant
5  Sentencing Guidelines provisions, and of the consequences of
6  entering into this agreement.  To my knowledge: no promises,
7  inducements, or representations of any kind have been made to my
8  client other than those contained in this agreement or in another
9  signed written agreement(s) with the government; no one has
10 threatened or forced my client in any way to enter into this
11 agreement; my client's decision to enter into this agreement is an
12 informed and voluntary one; and the factual basis set forth in this
13 agreement is sufficient to support my client's entry of a guilty
14 plea pursuant to this agreement.

16  _____        10.14.16
17  JAN RONIS                      Date
   Attorney for Defendant
18  JUAN LUIS CARDONA-RAMIREZ

17